Spencer(R)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Complaint under CIVIL RIGHTS ACT   42   U.S.C. § 19

Action No.

F I L E D
AUG 1 6 2007
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

3:07CV483

1. **PARTIES**

Benjamin Lucciola, 232439
Plaintiff
Address   Central Virginia Regional Jail (currently, Temporarily)
13201 James Madison Hwy., ORANGE, VA 22960

V.

1. Gene M. Johnson, Director, Dept. of Corr., P.O. Box 26963, Richmond, VA 23261
2. Theresa Ward, Detainer Coordinator, VDOC., P.O. Box 26963, Richmond, VA 23261
3. Robert Barrett, U.S. Marshal, 255 W. Main St., Charlottsville, VA 22902
4. Daniel Braxton, Warden
5. Mr. S. Justice, Counselor
6. Head of Records Department
7. Head of Mailroom

} Augusta Correctional Center
1821 Estaline Valley Rd.
Craigsville, VA 24430

II. **PREVIOUS LAW SUITS**

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?   YES

B. Parties to previous lawsuits
    Plaintiff   Benjamin Lucciola
    Defendants   Agents for the FBI, John Kholer, his partner, name unknown and Robert Cahill

2. Court.   U.S. District Court, Eastern District of Virginia
3. Date filed.   29 August 2006
4. Docket number:   3:06-cv-648
5. Name of Judge:   Judge, M. Hannah Lauck (?)
6. Disposition:   Still Pending

III. **GRIEVANCE PROCEDURE**

A. At what institution did the events concerning your current complaint take place?   Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, VA 24430

B. YES, The institution has a grievance procedure

C. i. Yes, I filed complaints
   2. Request for information sent to counselor, Jan. 27, 07 Ex#
   3. Results were untruths.   Mar. 7, 07 Ex#-1

R E C E I V E D
AUG - 7 2007
STAFF ATTORNEY
RICHMOND, VA

1.

4. Yes, additional letters sent To Virginia Dept. of Corr.

Feb 22, 07
Mar 22.07 Response Ex.E
Feb 24, 07 – Ex.-P
Apr. 9, 07 – Ex.D-2

5. Results, again were untroths

COPIES ATTACHED

D. Letters To prison authorities proved fruitless.

E. I did complain, many times. Letters proved I did.

IV. STATEMENT OF THE CLAIM: Conspiracy To keep me incarcerated in Virginia as long as they thought They could get away with.

EXH. A-1
A-1.1
A-2
A-2.1

On July 20, 2006, Counselor, Ms. Justice informed me that a detainer had been placed on me by a Marshal Robert Barrett, That detainer sent To the prison by a Ms. Theresa Ward, Detainer coordinator for the Virginia Department of corrections. The detainer stated I was wanted on a complaint for supervised release from the Southern District of Florida. Ms. Justice explained to me that I could sign the forms and ask for a speedy hearing on the complaint or wait until I finished my sentence in Virginia and then take the chance of the authorities in Florida of extraditing or not. I chose To sign the detainer forms to return to Florida as soon as possible to answer the complaint. I might add, I had No knowledge of a term of Supervised release in Florida. –Warden Braxton and Ms Justice also had signed the forms on July 20, 2006 and they were To be mailed promptly, per the Interstate Agreement on Detainers Act Article III, sec. (b). The IADA also states in Article III, sec. (a) "... 180 days from the time that The forms are promptly mailed, first class, return receipt requested and in the hands of the requesting state (Florida). The sending state (Virginia) will Transport The defendant to The receiving state within that 180 days or an order To dismiss the detainer, if the rules are not adhered To...,"

Request as to The status of The detainer forms, were in some cases totally ignored and or lied about. On Jan. 29, 2007 189 days after she said the papers were mailed, I sent a request To her in which she stated That she had personally handed the forms To The head of the records department. ATTACHED
Ex-H
Exh-C1

2.

STATEMENT (cont'd)

Additional requests were sent to the mailroom asking for a copy of the return receipt. Requests were ignored or information fabricated. Requests to Warden Braxton concerning the Records head and mailroom head were never answered. Several letters were sent to the Virginia Dept. of Corr. ATTACHED EX-D Finally, Ms. Theresa Ward answered on March 7, 2007 with a copy of a letter that was dated August 1 2006 Attached EX-D-1 The letter was addressed to me but never received by me until Ms. Ward sent a copy. Ms. Ward included her own misinterpretation of the rules of the IADA. It is not her job or expertise to make determinations reserved for the courts. Another letter received from Ms. Ward, dated April 9, 2009 EX-D-2 stated the Detainer forms were sent to me in error. Again, she is wrong, They were issued by the Marshal Service and They intended to transport me to the court in Florida. A letter from Gene Johnson EX-C was also received by me with incorrect information, leading one to believe if anyone working for the Virginia Department of Corrections knows what they are doing or are they all involved in a conspiracy. The latter is the Truth.

Not having heard from the court in Florida within the 180 days. (I didn't know at that time that the detainer Form had not been sent) I filed a Motion to Dismiss the detainer on EX. B-1 January 25, 2007. Replies from the court in Florida had stated, that since I was not in their jurisdiction my motion could not be addressed. (They knew nothing about the detainer forms) However, the court would have addressed the issues raised in my motion, had the people from Augusta Correctional Center mailed the detainer papers to the court in Florida. They were purposely not mailed and I had stated the reason in my letter to the Florida court dated April 4 2007 EX. B-2 To wit: "I also believe that the Virginia people did not send the detainer papers to the court in Florida because they knew that my time in Florida would run along with my time in Virginia. Vindictive as they are, they want me to finish all of this illegal time in Virginia before releasing me to the court in Florida." It is now a fact that they had succeeded in their conspiracy to hold me to the last day.

It might also be added that the records people and especially the mail room head had gone out of her way to constantly interfere with my incoming mail by returning to sender because she believed I should not have personal mail. Mail that I needed for my case which happened to be evidence.

EXH. A**P

Robert Barrett had dispatched the detainer but he did not answer when I wrote to him on the status of the detainer. Many letters written to the people involved in the conspiracy I do not have copies of because many times they are difficult to get. However, I do have some of the responses to some of the letters that were answered. It also seems strange that many times a letter would come from the Virginia Department of corrections unsigned, leading one to believe that no one wants to take responsibility.

It is my belief that the group mentioned in this 42-1983 civil suit, knowing or in some other capacity conspired against me in order to delay my release from the prison in Augusta. I believe enough evidence has been presented to find them neglegent and in conspiracy to do me further harm.

## V. RELIEF:

XX Award money damages in the amount of $75,000.00 per defendant

___ grant injunctive relief by

XX other, a written apolog

## VI. PLACES OF INCARCERATION

Augusta Correctional Center, 1821 Estaline Valley Rd., Craigsville, VA 24430
Central Virginia Regional Jail, 13021 James Madison Hwy, Orange, VA 22960

## VII CONSENT

YES, consent to proceed before a Magistrate Judge

## VIII SIGNATURE:

Signed this 29 day of July 2007

Plaintiff Benjamin Lucciole, Pro Se

4.

JUL 27 Case 3:07-cv-00483-JRS Document 1 Filed 08/16/07 Page 5 of 25 PageID# 5
Case: 1:07-cv-20799-JEM Document #1 Entered on FLSD Docket 04/11/2007 Page 5 of 13
293-3255 TO 918046743334 P.02/03

**U.S. Department of Justice**
United States Marshals Service



# DETAINER

## AGAINST SENTENCED PRISONER

United States Marshal
Western
*(District)*

Virginia
255 W. Main Street, Suite 208-A Charlottesville, VA 22902
(434) 293-6612

*(Return Address and Phone)*

*Please type or print neatly:*

TO: Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, VA 24430
Phone: (540) 997-7000 / (804) 674-3000
Fax: (804) 674-3334

DATE: 07/07/2006

SUBJECT: Guarino, Benjamino Angelo

AKA: Lucciola, Benjamin

DOB/SSN: 04/30/1937 / 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

REF. # VADOC #232439

USMS #: 45286-004

CR #: 92-512-CR-Atkins

Please accept this Detainer against the above-named subject who is currently in your custody. The United States District Court for the Southern District of Florida has issued an arrest warrant(s) charging the subject with the commission of the following offense(s):

1 - Supervised Release Violation.

Prior to the subject's release from your custody, please notify this office at once so that we may assume custody if necessary. If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible.

The notice and speedy trial requirements of the Interstate Agreement on Detainers Act APPLY to this Detainer because the Detainer is based on pending Federal criminal charges which have not yet been tried. Pursuant to the provisions of the Interstate Agreement on Detainers Act (IADA), a person serving a sentence of imprisonment in any penal institution against whom a detainer is lodged (based on pending Federal criminal charges which have not yet been tried) must be advised that a Detainer has been filed and that the prisoner has the right to demand speedy trial on those charges. **Accordingly, please advise the subject that a Detainer has been filed against him/her and that under the IADA, he/she has the right to demand speedy trial on the charges.** If your office does not have an official form for such purposes, the statements contained in this Form below may be used.

## INSTRUCTIONS FOR COMPLETION OF STATEMENTS

1. Please read or show the following to the subject:

"You are hereby advised that a Detainer has been filed against you on (date) 07/07/2006 , on the basis of Federal criminal charges filed against you in the U.S. District Court for the Southern District of Florida With regard to answering these charges, you are hereby advised that you have the right to demand a speedy trial under the Interstate Agreement on Detainers Act (IADA). Under the IADA, you have the right to be brought to trial within 180 days after you have caused to be delivered to the appropriate U.S. Attorney and the appropriate U.S. District Court, written notice of your request for a final disposition of the charges against you. Because the 180-day time limit may be tolled by virtue of delays attributable to you, you should periodically inquire as to whether your written notice of request for a final disposition of the charges against you has been received by the appropriate U.S. Attorney and the appropriate U.S. District Court. You are hereby advised that the 180-day time limit does not commence until your written notice of request for final disposition of the charges against you has actually been delivered to the appropriate U.S. Attorney and the appropriate U.S. District Court.

Form USM-17
Rev. 04/05

Exft A-1

5

## AGREEMENT ON DETAINERS FORM I

In duplicate. One copy of this form, signed by the prisoner and the warden should be retained by the warden.  One copy, signed by the Warden, should be retained by the prisoner.

### NOTICE OF UNTRIED INDICTMENT, INFORMATION OR COMPLAINT
### AND OF RIGHT TO REQUEST DISPOSITION

NAME Lucciola, Benjamin AKA Guarino, Benjamin
Virginia I.D. Number 232439
INSTITUTION Augusta Correctional Center

Pursuant to the Agreement on Detainers, you are hereby informed that the following are untried indictments, informations or complaints against you concerning which the undersigned has knowledge, and the source and contests of each.  DETAINER FILED by USM, Charlottesville, Virginia Charging Supervised Release Violation

You are hereby futher advised that the provisions of said agreement, you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information or complaint is pending and the appropriate court that a final disposition be made thereof.  You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and you said request, together with a certificate of the custodial authority as more fully set forth in said agreement.

However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. Your request for final disposition will operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official you request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or proceeding contemplated thereby or there imposed upon you, after completion of your term of imprisonment in this state.  Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in or to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictments, information or complaint, you are to notify Warden of the institution in which you are confined.

You are also advised that under provisions of said agreement the prosecuting officer of a jurisdiction in which any such indictment, information or complaint is pending may institute proceedings to obtain a final disposition thereof.  In such event, you may oppose the request that you be delivered to such prosecuting officer or court. You may request the Governor of this state to disapprove any such request for your temporary custody but you cannot oppose delivery on the grounds that the Governor has not affirmatively consented to or ordered such delivery.

DATED: 7-11-2006          _Theresa Ward_
Theresa Ward, Detainer Coordinator
(Insert name and title of custodial authority)

RECEIVED               By: _____
                        (Warden-Superintendent-Director)
DATE: 7-20-06

INMATE _Benjamin Lucciola_   NUMBER: 232439

Witness: _D. Nottie CMC_   Date: 7-20-06

EXH. A-1

6

AGREEMENT ON DETAINERS FORM II

---

Five copies, if only one jurisdiction within the state involved has an
indictment, information or complaint pending. Additional Copies will be
necessary for prosecuting officials and clerks of court if detainers have been
lodged by other jurisdictions within the state involved. One copy should be
retained by the prisoner. One signed copy should be retained by the warden.
Signed copies must be sent to the Agreement Administrator of the state which
has the prisoner incarcerated, the prosecuting official of the jurisdiction
which placed the detainer, and the clerk of the court which has jurisdiction
over the matter. The copies for the prosecuting officials and the court must
be transmitted by certified or registered mail, return receipt requested.

---

INMATE'S NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR
DISPOSITION OF INDICTMENTS, INFORMATIONS OR COMPLAINTS

TO:_____, Prosecuting Officer Southern District
_____court_____Miami, Florida
to all other prosecuting officers and courts of jurisdictions listed below from
which indictments, informations or complaints are pending.

You are hereby notified that the undersigned is now imprisoned in

Augusta Correctional Center,        Craigsville, Virginia
(Institution)                       (Town and State)
and I hereby request that a final disposition be made of the following pending
against me: DETAINER FILED by USM, Charlottesville, Virginia Charging
Supervised Release Violation
Failure to take action in accordance with the Agreement on Detainers, to which
your state is committed by law, will result in the invalidation of the
indictments, informations, or complaints.
    I hereby agree that this request will operate as a request for final
disposition of all untried indictments, informations or complaints on the basis
of which detainers have been lodged against me from your state. I also agree
that this request shall be deemed to be my waiver of extradition with respect
to any charge or proceeding contemplated hereby or included herein, and a
waiver of extradition to your state to serve any sentence there imposed upon
me, after completion of my term of imprisonment is this state. I also agree
that this request shall constitute a consent by me to the production of my body
in any
court where my presence may be required in order to effectuate the  purposes of
the Agreement on Detainers and a further consent voluntarily to be returned to
the institution in which I now am confined.
    If jurisdiction over this matter is properly in another agency, court or
officer, please designate the proper agency, court of officer and return this
form to the sender.
    The required Certificate of Inmate Status and Offer of Temporary Custody
are attached.

I do hereby request final disposition of the above referenced pending charges.

DATED: 7/20/06 _____          _____
                                    (Inmate's Name and Number)

7.

EXH. A-2

JUL. 07. Case:3:07-cv-00483-JRS Document 1 Filed 08/16/07 Page 8 of 25 PageID# 8
Case: 1:07-cv-20799-JEM Document #: 5 Entered on FLSD Docket 04/13/2007 Page 8 of 13
5788'46743334 P.03/03

If you have any questions regarding the provisions of the IADA, you should contact your attorney or the U.S. Attorney for the <u>Southern</u> District of Florida

2. Please execute the following:

The foregoing was read to or by subject and a copy of the Detainer was delivered to him on

<u>7-20-06</u>
(date)

*Original* Signed. *signed by Ms. Justice*     Title: <u>Counselor</u>

3. Please have the prisoner execute the following:

"I have read or have been read the above paragraph notifying me that a Detainer has been lodged against me and that I have the right to demand speedy trial on the charge(s).(I (do))(do not) demand a speedy trial on the charge(s). I understand that if I do request a speedy trial, this request will be delivered to the Office of the United States Attorney who caused the Detainer to be filed. I also understand that my right to a speedy trial under the IADA is the right to be brought to trial within 180 days after my written notice of request for a final disposition of the charges against me has actually been delivered to the appropriate U.S. Attorney and the appropriate U.S. District Court. I further understand that the 180-day time limit may be tolled by any delays attributable to me, and that I must periodically inquire as to whether my written notice of request for a final disposition of the charges against me has been received by the appropriate U.S. Attorney and appropriate U.S. District Court. Finally, I understand that if at any time hereafter I desire to demand speedy trial and have not already done so, I can inform my custodian who will then cause the request to be forwarded to the appropriate U.S. Attorney."

_____     *Benjamin Lucciola July 20, 2006*
(Witness)           (Signature of Prisoner and Date)

*Original signed by Ms. Justice*     <u>Benjamin Lucciola</u>
(Typed or Printed Name of Prisoner)

4. Please acknowledge receipt of this detainer. In addition, please provide one copy of the Detainer to the prisoner, return one copy of the Detainer to this office in the enclosed self-addressed envelope, and, if the prisoner demands a speedy trial, forward the Detainer together with the Certificate of Inmate Status by registered or certified mail to the U.S. Attorney for the <u>Southern</u> District of <u>Florida</u> and the U.S. District Court for the <u>Southern</u> District of <u>Florida</u>

5. If the prisoner does not demand a speedy trial at this time and further elects to demand a speedy trial on the charge(s) at a later date, you should obtain a new set of this Form USM-17 from the United States Marshal, have the prisoner complete the amended form, and follow the instructions contained in paragraph 4 above.

Your cooperation is greatly appreciated.

| RECEIPT | |
|---|---|
| Date: | _____ |
| Signed: | _____ |
| By: | _____ |
| Title: | _____ |

Very truly yours,

*M.I. Barnett*
(Signature)

<u>G.W. Pike</u>
U.S. Marshal

PRIOR EDITIONS ARE OBSOLETE AND NOT TO BE USED

*EXH A-2.1*

** TOTAL PAGE.03 **

VIRGINIA DEPARTMENT OF CORRECTIONS
AUGUSTA CORRECTIONAL CENTER
Inmate Request For Information Form

Implementation Memo for DOP# 866
Attachment #2

# INMATE REQUEST FOR INFORMATION

RECEIVED JAN 29 2007
ACC TREATMENT DEPT.

INSTRUCTIONS FOR FILING  If you have a complaint that may result in a formal grievance, you must use the Informal Complaint Form  This form is to be used for requesting general information through specific departments. Please ensure that your topic coincides with the appropriate department
Please fill out form & send to (please check one below) and place in the institutional mail:

☐ Warden
☐ Assistant Warden
☐ Major (Security)
☐ Treatment
☐ Operations Officer
☐ Business Office
☐ Property Control

☑ DCE
☐ Mental Health
☐ Medical
☐ Food Service
☐ Volunteer Coordinator
☐ Recreation Supervisor
☐ Inmate Records

☐ Mailroom
☐ Inmate Grievance Office
☐ Tailor Shop
☐ Shoe Shop
☐ Buildings & Grounds
☐ Other _____

| Lucciola Benjamin | 232439 | C-1 #1 | 16 |
|---|---|---|---|
| Inmate's Last Name  First Name | Number | Building | Cell Number |

Ms Justice

PLEASE STATE YOUR QUESTION: Ms Justice, what happened? — I need copies! #2, My papers were Notarized, #3 Q The VDOC Summary Audit Compiled by Ms. Felicia M. Smith, Manager in the Court and Legal Services Section dated 12/5/2006; on 02/24/2006 is my return start — Parole Event — This was an Affidavit she submitted to the court. I don't understand why your records don't show this. I have a copy. Plus #4 I need A copy of the date the detainer papers were mailed out or a copy of the return receipt, as called for in the IAD Article III (e) ASAP. Thanks

Inmate's Signature: Benjamin Lucciola    Date: Jan 24, 2007

STAFF RESPONSE: met with on 25th
① I informed you that once your papers were ready to copy to inform me.
② We made copies of your notarized forms on Thurs. 25th. I haven't received any further requests.
③ I am looking into this date.
④ I have personally delivered your request to the records dept. who handled these forms

Respondent's Signature: J Justice, CMC    Date: 1-29-07

Exh#

9.

AUGUSTA CORRECTIONAL CENTER
DEPARTMENT OF CORRECTIONS
Inmate Request For Information Form

Implementation Memo for DOP# 866
Attachment #2

# INMATE REQUEST FOR INFORMATION

INSTRUCTIONS FOR FILING   If you have a complaint that may result in a formal grievance, you must use the Informal Complaint Form  This form is to be used for requesting general information through specific departments  Please ensure that your topic coincides with the appropnate department

**Please fill out form & send to (please check one below) and place in the institutional mail:**

- ☐ Warden
- ☐ Assistant Warden
- ☐ Major (Security)
- ☐ Treatment
- ☐ Operations Officer
- ☐ Business Office
- ☐ Property Control

- ☐ DCE
- ☐ Mental Health
- ☐ Medical
- ☐ Food Service
- ☐ Volunteer Coordinator
- ☐ Recreation Supervisor
- ☒ Inmate Records

- ☐ Mailroom
- ☐ Inmate Grievance Office
- ☐ Tailor Shop
- ☐ Shoe Shop
- ☐ Buildings & Grounds
- ☐ Other _____

| Luccia lo | Benjamin | 232439 | C-1 | 11 |
|---|---|---|---|---|
| Inmate's Last Name | First Name | Number | Building | Cell Number |

PLEASE STATE YOUR QUESTION: Ms. Grey (?) I have been trying to find out from the Records department when the papers that I, The Warden & Ms. Justice had signed (A Detainer hold) was mailed to either or both the U.S. District Court Southern District of Florida, 310 N. Miami Ave, Miami, Fl 33128 and Mr Robert Berrett, U.S. Marshel Services Western Division, Charlottesvill, VA 22902. BECAUSE the Interstate Agreement on Detainer's Act Article III (B) states, specifically, ".....'' officials having custody of him (me), who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested" I signed that document on July 29, 2006, but was never given a copy of the "return receipt" so that I could include it in my "Motion to Dismiss" to the court since it has been over 220 days since the signing. Article III (a) states the Trial...will be had within 180 days of the receiving of the signed agreement to return to the jurisdiction." Article III (d) states... if not brought back to that jurisdiction within the 180 days the charge shall not be of any further force or effect and the Court shall enter an order dismissing the same with prejudice," — So, I need to prove to the court that it was mailed out and the proof. Thank

Inmate's Signature: ~~Ben Luccia~~    Date: Mar 2, 2007

STAFF RESPONSE: You received a letter from Theresa Ward, Detainer Coordinator, stating that your request for a speedy trial from the USM charges could not be honored. Charges of Parole or Probation are not subject to the terms of the IAD. A copy of that letter is attached.

Exhibit C-1

Respondent's Signature: J. Hart, DSI    Date: 03/07/07

10-

Augusta Correctional Center C-1-16
1821 Estaline Valley road
Craigsville, Virginia 24430
February 24, 2007

Commonwealth of Virginia
Department of Corrections
P.O. Box 26963
Richmond, Virginia 23261

Dear Ms. Ward,

On July 20, 2006 a letter was given to me by the counselor, Ms. Justice, dated July 11, 2006 from you concerning a detainer that was placed on my the court in the Southern District of Florida. I had signed the papers asking for a final disposition of the charge against me. I was informed by Ms. Justice that the papers were either mailed or delivered to the authorities who requested my appearance. In the Interstate Agreement on Detainer's Act, Article III (b) it states...the written notice is to be mailed, registered or certified with a return receipt requested. When I had inquired for a copy of the receipt, I was told that I could not have it. The woman, Ms. Grey, who was in charge is no longer here, so I am not sure to whom I should write to get a copy of said receipt. It is needed in a Motion that I am filing to the court to dismiss the detainer.

Article III (a) states...he shall be brought to trial within 180 days after he shall have caused the papers to be delivered to the appropriate court. I did all of that which was required of me. If the officials at this prison caused the papers not to be delivered what recourse do I have? I had asked for No delays or continuances in this matter and it has been over 210 days since the papers were signed by me, the counselor and the warden. Is there any new information in your office concerning this matter?

Thank you for your consideration.

Respectfully,

Benjamin Lucciola 232439

Exh-D

3/5/07- as indicated in the attached letter, these charges
are not subject to the Interstate Agreement on Detainers. You
cannot make a request for speedy trial.
Theresa Ward

Theresa Ward-Detainer Coordinator



# COMMONWEALTH of VIRGINIA

### Department of Corrections

GENE M. JOHNSON
DIRECTOR

P. O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

August 1, 2006

Benjamin Lucciola, 232439
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, Virginia 24430

Dear Mr. Lucciola:

Please be advised your request for speedy trial for the Charge of Supervised Release Violation, issued by the USM cannot be honored.

Charges of Parole & Probation are not subject to the terms of the IAD.

Sincerely,

Theresa Ward
Detainer Coordinator
(804) 674-3131 ext. 1543

TAW/tm

cc: CCR/ICR

*This letter came to me as is?*
*on March 7, 2007. why!*

*EXH. D-1*

12



## COMMONWEALTH of VIRGINIA

RECEIVED APR 16 2007 ACC TREATMENT DEPT.

*Department of Corrections*

GENE M. JOHNSON
DIRECTOR

P. O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

April 9, 2007

Benjamin Lucciola, VSP# 232439
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, Virginia 24430

Dear Mr. Lucciola:

I am in receipt of your letter concerning the status of a detainer filed by the United States Marshals Service.

This office did not offer temporary custody to the United States Attorney for a detainer filed in favor of the Southern District of Florida. Preparation of the forms was done in error. The Interstate Agreement on Detainers Act does not apply to a supervised release violation or a probation violation, therefore your request would not be granted by the federal courts. If you wish to challenge this information, you should contact the United States Attorney in Southern Florida.

I trust this information will be of assistance.

Sincerely,

Theresa Ward
Detainer Coordinator

Cc: file

Ex. P-2

13.

# MEMORANDUM

**Augusta Correctional Center**                                    **Warden:  D. A. Braxton**


**TO:**              B. Lucciola 232439,  C1-16

**FROM:**            S. W. Hollar, Assist. Warden

**DATE:**            March 22, 2007

**SUBJECT:**         2-22-07 Letter to Director Johnson


Your 2-22-07 letter to Director Johnson has been referred back to Augusta Correctional Center for a response. As was explained to you in the August 1, 2006 letter to you, changes in probation and parole status are not subject to the terms Interstate Agreement on Detainers.


cc:    CIRC Justice
       File

Ex. C

14



# COMMONWEALTH of VIRGINIA

*Department of Corrections*

GENE M. JOHNSON
DIRECTOR

P. O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

July 11, 2006

Robert Barrett
United States Marshal Services
255 W. Main Street
Charlottesville, Virginia 22902-5058

COPY

                    Re: Lucciola, Benjamin
                    VSP# 232439
                    AKA: Guarino, Benjamin
                    Loc: Augusta Correctional Center
                    DOB: 4-30-37

Dear Sir/Madam:

xxxxx   A detainer has been filed against the referenced prisoner in your favor charging Supervised Release Violation

_____   A judgment and commitment has been filed against the referenced prisoner imposing the term of

_____   Our records reflect the above referenced individual may be wanted by your agency charging       . Please forward a certified copy of your warrant.

_____   Your detainer has been removed in compliance

I trust that this information is of assistance to you. For additional information, please contact the Records Manager or this office.

                      Sincerely,

                      Theresa Ward
                      Detainer Coordinator
                      (804) 674-3131 ext. 1543

TAW/tm

cc: CCR/ICR
    USM-Richmond

Exh. A

DATE:   07/11/06
OBSCIS DATA BASE INQUIRY BY SEGMENT - I/P: KEY J  NR 232439     SEGM DETR
LNA: LUCCIOLA                       FNA: BENJAMIN    MID: A        TIL:     ATI: C
        SEGMENT INFORMATION         SEGMENT DATA        DETAILED DESCRIPTION
                                                                    CLERK-ID: ___

DATE OF DETAINER AND SUFFIX        07 07 2006 0
ISSUING JURISDICTION                          F      FEDERAL
DETAINER TYPE CODE                            W      WANTED
DETAINER STATUS CODE                          A      INMATE NOTIFIED
DATE DETAINER WAS RECEIVED BY DOC  07 10 2006
MOST SERIOUS CHARGE(S)                     5013      CONDUCT RELEASE VIOLATION
ISSUING AGENCY INFO:
  REFERENCE NUMBER                 92-512-CR
  CONTACT PERSON"S NAME            ROBERT BARRETT
  AGENCY NAME                      UNITED STATES MARSHAL
  STREET OR P.O. BOX ADDRESS       255 W MAIN STREET
  CITY, STATE AND ZIP CODE         CHARLOTSVI , VA  22902
  PHONE NUMBER                     AREA CODE: 434 PHONE: 293 6612
LAST CHANGE DATE FOR THIS RECORD   07 10 2006

ExH. B.

16.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Benjamin Lucciola  aka Beniamino Guarino
                    Petitioner

v.

United States Marshall Service
                    Respondent

## MOTION TO DISMISS

Now comes Benjamin Lucciola, defendant, currently incarcerated in Augusta Correc-
tional Center, Craigsville, Virginia who asserts that a detainer placed on him by
the Respondent be dismissed due to the time limit experation, 180 days. in viola-
of the Interstate Agreement on Detainers and the 6th. Amendment to the Constitution,
Right to a speedy trial. Baker v. Wingo, 407 US 514, 33 L Ed.2d 101, 92 S Ct. 2182.

Benjamin Lucciola avers that on July 20, 2006 he had signed an agreement with the
Federal Marshal Service to return to the jurisdiction of Miami, Florida to answer
a charge of violating a condition of his supervised release: That of leaving the
jurisdiction.

Petitioner, Lucciola avers that his current incarceration is a result of a parole
violation from the Commonwealth of Virginia that was running concurrent with his
Federal supervised release.

Petitioner avers that his parole was revoked on May 15, 2006 after having been in
prison for eighty days awaiting the hearing.

Petitioner avers further, that the parole board took back all of his earned good
time and imposed that 32 months sentence for leaving the country, to care for his
gravely ill son who was living with his mother in Indonesia.

Petitioner also states that his return to the USA by the FBI was an illegal act of
apprehension in that he was kidnapped from his home in Thailand without the benefit
of a hearing and without a warrant being shown to him. The FBI had stated he was
wanted on a 'flight' charge. That charge was dismissed by a judge in court upon his
return to the USA.

Petitioner avers that Title 18 USCA § 3565... states....a defendant will serve a
maximum sentence of one third of the original sentence when probation or supervised
release is revoked.  In petitioner's case he was given the entire six  years of
his six year sentence.

Petitioner avers that he had served an excessive sentence for an alleged offense
dating back to  1982.

EX. B-1

Petitioneraversthat he was never made aware of the supervised release imposed on
him when or after he had pled guilty to making a false statement on an application
for a passport in Miami, Florida in 1992.

Petitioner avers that there should have been a plea agreement at the time of his
hearing and made aware of what was being offered if indeed he was to plead guilty.
Petitioner also believes that at the time of the hearing he should have had a
written statement of sort that would have guaranteed he would be given credit for
the extra six months that he had spent in a federal prison upon his being taken into
custody by the authorities in Virginia.

Petitioner was illegally apprehended from his home in Thailand by Thai thugs and
immigrations people who were working for the FBI who had stated that he was wanted
on a Federal Flight Warrant (that warrant never being shown to petitioner). Case..
Robinson  v.  Overseas Military Sales Corp., 827 F Supp. 915 affirmed. 21 F 3d 502.
....Although 4th Amendment does not protect Americans from warrantless searches and
seizures conducted by foreign officials in foreign countires, it protects Americans
abroad from warrantless searches and seizures undertaken as joint ventures by foreign
authorities with substantial participation of federal agents or where foreign people
are acting as agents of the Federal Government...

Petitioner avers that after illegally being flown to the USA on the Federal Flight
charge, that flight charge was dismissed by a Federal Judge in a court in Richmond,
Virginia on March 6, 2006. Petitioner was then turned over to the Virginia police
as a parole violator. Title 18 USCA § sec. 3192 ....an extraditied person could only
be tried for an extraditable offense and only for the offense for which he was
extradited.  U.S.  v. Rauscher,  USNY 1886, 7 S Ct. 234, 119  US 407,  30 L Ed 425.

Therefore, petitioner prays that this Honorable Court dismiss the detainer placed on
him based on the above facts and the rules of the IAD and the 4th. and 14th Amend-
ments. The fact also that petitioner was in Federal cudstody for 133 days as of July
7, 2006 before a detainer was placed on him. Thus far he has been in custody 324
days as of January 4, 2007 and the Federal authorities had failed to act. The delay
in the filing of a detainer was not the fault of the petitioner. The fact also is
the Federal authorities dropped the charges against him in the court in Virginia on
March 6, 2006 and then picked up by the Federal authorities in Florida on July 7,
2006. Perhaps, a case of double jeoparty for an alleged misdemeanor and low felony
offense dating back to 1982.

Petitioner prays that this Honorable Court release him from both state and federal custody due to several violations of his constitutional rights and the Agreement on Detainers Act, and for excessive sentences imposed on him for alleged minor offenses.


Benjamin Lucciola, pro se

Date:    January 25, 2007

## CERTIFICATE OF SERVICE

I, the undersigned hereby certify that on this the <u>25th</u> day of <u>January</u>, in the year 20 <u>07</u>, I mailed a true copy of the foregoing <u>MOTION TO DISMISS</u>

by first-class mail, postage prepaid, to <u>United States District Court, Southern District of Florida, Clerk,, 301 N. Miami Ave., #150, Miami, Florida 33128</u>

*Benjamin Lucciola*

Benjamin Lucciola   aka Beniamino Guarino

Amended Motion to Dismiss was mailed on March 1, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Benjamin Lucciola, aka,          §
    Beniamino Guarino,           §
        Petitioner               §
                                 §
                                 §
v.                               §
                                 §
                                 §
United States Marshal            §
    Services, Robert Barrett, et al §
        Respondent               §     AMENDED MOTION TO DISMISS

## Motion to Dismiss

Comes now, Benjamin Lucciola, petitioner, currently incarcerated in Augusta Correctional Center, Craigsville, Virginia who asserts that a detainer placed on him by the respondent be dismissed due to time limitations  set down by the Interstate Agreement on Detainers' Act.

1.      Petitioner, Lucciola on July 20, 2006 had signed an agreement witnessed and signed by a counselor at the institution and by the Warden of said institution stating that he would return to the demanding jurisdiction to answer a charge of violating a condition of his supervised release.

2.      Petitioner, Lucciola asserts that said document with his signature and those of two prison officials was to be mailed promptly after the signing to the respondent and any other officials involved in the case according to the rules of the Interstate Agreement on Detainers' Act.

3.      Petitioner, Lucciola asserts that as of February 20, 2007 215 days had passed and no action had been taken on the detainer which was placed on him. The Interstate Agreement on Detainers' Act Article 111 (a) states that....you have a right to be brought to trial within 180 days ...or charges will be dropped...etc..

4.     Petitioner, Lucciola asserts further that he had made inquiries as to the status of said detainer through prison officials and was informed that the documents had been mailed out. However, no proof of mailing was ever given to him when he had requested a copy of the receipt. The **IADA** specifically states that the papers will be mailed out promptly after signing, by first class mail, registered or certified with a return receipt, requested; as per the **IADA** Article III (b).

5.     Petitioner, Lucciola asserts that there have been no delays that could be attributed to him as he was ready to comply with the rules of the **IADA**. If in fact the court had ordered a delay or continuance he was never made aware of it.

6.     Petitioner, Lucciola had on January 25, 2007 filed a motion to dismiss with the United States District Court in the Southern District of Florida to which he had received no reply.

7.     Petitioner, Lucciola asserts that he has abided by all of the rules set down by the government to have this matter put to rest. Thus far over 210 days had passed and no word has ever been received from the court. This is a violation of the **IADA**, Due Process of Law, and a right to a speedy trial. **Baker v. Wingo, 407 US 514, 33 L Ed. 2d 101, 92 S Ct. 2182.**

8.     Petitioner avers that Title 18 USCA § 3565...states" a defendant will serve a maximum sentence of one third of the original sentence when probation or supervised release is revoked." He believes that since the Commonwealth of Virginia revoked his parole after he was taken into custody on February 24, 2006. That parole running concurrent with his supervised release from November 10, 1998 to November 10, 2001 having been revoked and he had already served over twelve months in prison for that alleged violation he should just be released as he had served more time than the statute calls for. In the **IADA**, Article III (e).." nothing in this paragraph shall prevent the imposition of a concurrent sentence if otherwise permitted by law...."

**Therefore,** petitioner, Lucciola request that this court dismiss the detainer placed on him and release him from custody.

Benjamin Lucciola, Pro Se                    Dated: February 28, 2007

Case 3:07-cv-00483-JRS Document 1 Filed 08/16/07 Page 23 of 25 PageID# 23
Case: 1:07-cv-20799-JEM Document ~~UNITED STATES DISTRICT COURT~~ Docket: 04/11/2007 Page 2 of 13
SOUTHERN DISTRICT OF FLORIDA

Augusta Correctional Center
Craigsville, Virginia 24430
REF: 1:07-cv-20799-JEM

Dear Mr. Maddox,

    I received papers from the court dated March 27, 2007 on Tuesday,
I am not sure what it is all about. Perhaps, it concerns the motions that I had
submitted to the court on January 25, 2007 and on February 28, 2007 in which I had
asked the court to Dismiss the Detainer placed on me charging me with a violation of
my supervised release. SEE Attached, EXHIBITS A, A-1, A-1.1, A-2, A-2.1 and EXH.

    If the woman, Theresa Ward, Detainer Coordinator from the Virginia Department
of Corrections knew her job and knew for a fact that the Interstate Agreement on
Detainer's Act dosen't deal with parole, probation or supervised release she would
not have sent the Detainer Forms to me at this institution. The same holds true for
the Warden here, who in fact along with a counselor signed the documents. But I beg
to differ with their opinions that parole, probation and supervised release are not
subject to the terms of the IADA. - It specifically states in Article III (a) "....
there is pending in any party state...untried indictment, information or complaint
on the basis of which...." The state of Florida is charging me with and or complaining
that I committed an offense when I left the USA. - No where in the IADA does it state
anything about parole, probation or supervised release not being part of the IADA.

    After the Detainer papers were properly filled in and signed by all parties
concerned, they should have been mailed promptly according to Article III (b) of the
IADA. I was told by the counselor, Ms. Justice that the papers were mailed. SEE
Attached, EXHIBITS C, AND C.1. However, when I requested a copy of the return receipt
from the post office I was refused a copy. The detainer papers were filled in on
July 20, 2006 and should have been mailed out within a few days. The papers were
never sent to the court in Florida.

    When I did not hear from the court in Florida after the 180 days had passed, I
filed a motion to dismiss the detainer on January 25, 2007. When I did not hear from
your court I contacted Ms. Theresa Ward, the Detainer Coordinator who then on
March 7, 2007 sent me a letter that was dated August 1, 2006. SEE Attached, EXHIBITS
D, and EXH. D.1.  However, before I received the letter from Ms. Ward I had filed
an Amended Motion to Dismiss the Detainer on February 28, 2007 because I had not
heard from your court. To be frank with you sir, these people have been playing
games with me the entire time of my incarceratiion since I was kidnapped from my
home in Thailand on February 24, 2006.  In fact this is the second time that the

FILED by _____ D.C.
INTAKE
APR 11 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

EX. B-2

Commonwealth of Virginia did something like this to me. The first time was when the Florida court released me in June 1993. Virginia claimed that they had placed a detainer on me while I was in the Federal Facility in Florida but they had failed to extradite me. They had waited for the state of Pennsylvania to release me in June 1995 and then kidnapped me from a local jail in Honesdale, Pennsylvania. When my court appointed attorney filed motions to dismiss and to quash the capias, both were denied by the judge. It was also proven in the court in Virginia that a detainer was never place on me. It is also a fact that Judge C. Clyde Atkins had stated I should be given credit for the extra 5 plus months that I was held by the Federal authorities. Virginia says that I was not been held there specifically for them. So it seems that I have about 5 months and 12 days credit owed to me by the court in Florida since the Virginia people or the Pennsylvania people gave me no credit for it while I was incarceration in their states.

I also believe that the Virginia people did not send the Detainer papers to the court in Florida because they know that my time in Florida would run along with my time in Virginia. Vindictive as they are, they want me to finish all of this illegal time in Virginia before releasing me to the court in Florida.

Perhaps, the court in Florida could extradite me now so as to get this nightmare over with. My alleged offense in Virginia, a misdemeanor and low felony is from 1982. My passport offense in Florida, where I tried to get a passport for my young son is from 1992. Please, let me get on with what is left of my life.

Thanks.

Respectfully,

Beniamino A. Guarino   aka
Benjamin Lucciola

April 4, 2007

Ex  B-2

## CERTIFICATE

I, The undersigned hereby certify that on this <u>3rd</u> day of August in the year 2007. I had mailed a true copy of The foregoing T. 42 U.S.C § 1983 Civil Suit by first class mail, postage paid, To The United States District Court, Eastern District of Virginia, 1000 East Main St, Suite 305, Richmond, VA 23219. Copies of the suit have also been sent to the seven defendants listed below.

1. Gene M. Johnson, Director. Dept. of Corr., P.O. Box 26963, Richmond, VA 23261
2. Theresa Ward, Detainer Coordinator, V.DOC., P.O. Box 26963, Richmond VA 23261
3. Robert Barrett, U.S. Marshal, 255 W. Main St, Charlotsville, VA 22902
4. Daniel Braxton, Warden, Augusta Correctional Center
5. Ms. S. Justice, Counselor,       1821 Easterline Valley Rd,
6. Head of Records Department,   Craigsville, VA 24430
7. Head of Mailroom,

Benjamin Luccule 232439
Pro Se